OPINION OF THE COURT
Franklin R. Weissberg, J.
This is a defamation action brought by a Presbyterian minister against a presbytery, a church and four other Presbyterian ministers. The complaint asserts six causes of action. *705 The first cause of action alleges that on or about January 28, 1995, the church and the three ministers published a newsletter falsely stating that plaintiff was no longer an ordained Presbyterian minister. Apparently, the defendant Presbytery of Susquehanna Valley had placed the plaintiff on its inactive minister roll as of January 21, 1995. The plaintiff then filed an appeal with the synod on January 23, 1995. The appeal effectively stayed the Presbytery’s decision. Ultimately, the plaintiff’s appeal was successful. Thus, the first cause of action essentially alleges that the statement in the newsletter was false because the stay was already in effect.
The second cause of action alleges that on or about July 10, 1995, in the presence of third parties at an annual meeting of the General Assembly of the Presbyterian Church, one of the defendant ministers, Barbara A. Renton, falsely stated that the plaintiff “should be removed from the ministry because of his sexual misconduct.” The third cause of action alleges that on or about April 5, 1995, in the presence of third parties, Ms. Renton again falsely stated that the plaintiff “has done something that he shouldn’t have done. He’s guilty of sexual misconduct and should be removed from the ministry.” The fourth, fifth and sixth causes of action, which allege conspiracy and intentional infliction of emotional distress, are derivative of these three alleged instances of libel.
In motion sequence number 002, the Presbytery and two of the defendant ministers have moved to dismiss the complaint for lack of subject matter jurisdiction. In motion sequence number 004, the remaining defendants have moved to dismiss on the same ground. Noting that the First and Fourteenth Amendments to the United States Constitution preclude the civil courts from delving into matters concerning the inner ecclesiastical workings of the church, the defendants argue that the complaint should be dismissed because the issues raised herein would require a review of the internal workings of the church in matters involving church doctrine, employment and discipline, and, as such, are not subject to resolution by the courts. The court agrees.
It should first be noted that the Presbyterian Church of the United States has established a procedure by which any minister who believes that he or she has been injured by rumor or gossip may initiate an action called a “vindication”. Once initiated, the presbytery must appoint a committee to investigate and report its findings. In this respect, in Serbian Orthodox Diocese v Milivojevich (426 US 696, 724-725 [1976]), *706 the Supreme Court expressly noted that the First and Fourteenth Amendments permit hierarchical religious organizations to establish their own rules and regulations for internal discipline and government, and to create tribunals for adjudicating disputes over these matters. In this regard, the court stated that “When this choice is exercised and ecclesiastical tribunals are created to decide disputes over the government and direction of subordinate bodies, the Constitution requires that civil courts accept their decisions as binding upon them.” (Supra, at 724-725.)
The courts have not only declined to accept jurisdiction over disputes which would require the court to adjudicate matters of church doctrine or governance, but have also declined to exercise subject matter jurisdiction over disputes involving the church and its members which do not concern strictly religious issues, such as employment discrimination (Equal Empl. Opportunity Commn. v Catholic Univ., 83 F3d 455 [DC Cir 1996]); age discrimination (Powell v Stafford, 859 F Supp 1343 [D Colo 1994]); racial discrimination (40th St. & Fairmount Ave. Church of God v Stover, 316 F Supp 375 [ED Pa 1970]); and negligent hiring (Isely v Capuchin Province, 880 F Supp 1138 [ED Mich 1995]). In these cases, the courts refused to accept jurisdiction because doing so would have required them to delve into the church constitutions, by-laws and procedures for settling disputes.
This refusal to exercise jurisdiction over ecclesiastical-related matters has extended to allegations, such as here, of defamation. (See, Hutchison v Thomas, 789 F2d 392 [6th Cir 1986]; Yaggie v Indiana-Kentucky Synod Evangelical Lutheran Church, 860 F Supp 1194 [WD Ky 1994], affd 64 F3d 664 [6th Cir 1995]; Farley v Wisconsin Evangelical Lutheran Synod, 821 F Supp 1286 [D Minn 1993]; Downs v Roman Catholic Archbishop, 111 Md App 616, 683 A2d 808 [Md Ct Spec App 1996].) Although the alleged defamatory statements and publications at issue in these cases did not express religious principles or beliefs, the courts nevertheless concluded that they could not constitutionally intervene because the alleged defamatory conduct related, as here, to a dispute over the plaintiffs fitness or suitability to act as a clergyman.
Under the circumstances, this court lacks subject matter jurisdiction to adjudicate the merits of this action since all of the plaintiffs allegations of defamation are related to his employment and status as a minister of a church and to the defendants’ evaluations of his qualifications for practicing his profes *707 sion as a minister. Accordingly, the defendants’ motions are granted and the complaint is hereby dismissed.
In view of the court’s decision herein, the defendants’ discovery-related motion under motion sequence number 001 is moot.